Grafton, }
Dec. 4, 1928. }

MARY E. PIERCE *v.* BOSTON & MAINE RAILROAD.

*Murchie & Murchie (Mr. Alexander Murchie* orally), for the plaintiff.

*Jewett & Jewett (Mr. Stephen S. Jewett* orally), for the defendant.

BRANCH, J. It was a statutory duty of the defendant "to provide suitable crossings" over its tracks "for the accommodation of the public." P. S., c. 159, s. 1; P. L., c. 249, s. 1. "A bridge carrying highway travel over a railroad is a crossing, within the meaning of this statute." *Laconia* v. *Railroad*, 81 N. H. 408, 409; *Concord* v. *Railroad*, 69 N. H. 87. Such structures are regarded in law not as parts of the highways but parts of the railroad, which it is "bound to keep in repair suitable for the public travel thereon." *Laconia* v. *Railroad, supra,* 411; *Worcester &c. Railroad* v. *Nashua*, 63 N. H. 593, 596. Hence it was the duty of the defendant to exercise reasonable care to keep the bridge in question "in a reasonably safe and convenient condition for public use." *Dickey* v. *Railroad*, 70 N. H. 34; *Concord* v. *Railroad, supra*. So far as this duty concerned the maintenance of an adequate railing upon the bridge, it differed in no essential particular from that which rested upon the town in the case of *Kelsea* v. *Stratford*, 80 N. H. 148, and that decision governs the case at bar. The question of the defendant's negligence was properly submitted to the jury.

*Judgment on the verdict.*

All concurred.